SAMUEL C. EWING, ADMINISTRATOR, RESPONDENT, *v.*
ALBERT J. WHITE, APPELLANT.

EXECUTORS AND ADMINISTRATORS. — EVIDENCE. — Section 3877, 2
Comp. Laws 1888, provides that parties or persons in whose
behalf an action or proceeding is prosecuted, or assignors of
parties to an action or proceeding against an executor or
administrator upon a claim or demand against the estate of
a deceased person, as to any matter of fact occurring before
the death of such deceased person and equally within the
knowledge of both the witness and the deceased person, are
not competent witnesses; *held* that this section applies to
suits brought by as well as suits brought against an executor
or administrator.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial. The
opinion states the facts.

*Messrs. Rawlins and Critchlow,* for the appellant.

*Messrs. Sutherland and Judd,* for the respondent.

ANDERSON, J.:

This is an action on a promissory note executed by the
defendant to the plaintiff's decedent for $500, dated
November, 1887, and due in one year, with interest at the
rate of 1½ per cent. per month, payable monthly. The
defendant, by his answer, admitted the execution and
delivery of the note as alleged in the complaint, but
alleged that he had paid to the said Collins the whole of
the principal and interest due on the note prior to the
commencement of this action. The case was tried before
the court and jury, and there was a verdict and judgment

in favor of the plaintiff for the sum of $773.75 and costs of suit, and the defendant brings this appeal from the judgment, and from an order overruling a motion by the defendant for a new trial.

At the trial in the district court the defendant offered to prove by his own oath that prior to the maturity of the note he had paid the principal and interest due thereon in full to the said defendant Collins, which testimony was objected to as incompetent. The court sustained the objection and excluded the testimony, to which ruling of the court the defendant excepted, and the correctness of this ruling is the only question argued by counsel and presented by this appeal for our consideration. The statutes of Utah provide that "the following persons cannot be witnesses: * * * Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person, and equally within the knowledge of both the witness and the deceased person." It is contended by counsel for the defendant that this provision of the statute applies only to cases brought against an executor or administrator, and does not apply in a case brought by the representative of a deceased person. The statute permitting persons interested in the result of a suit to be witnesses in their own behalf is an innovation upon the common law, and should not be by construction extended beyond the clearly expressed intent of the legislature in any case where the almost inevitable result will be to promote injustice. If the maker of a promissory note, when sued by the executor or administrator of the payee, can defeat a recovery by testifying to having paid the note to the deceased in his lifetime, a premium on perjury, limited only by the amount of the indebtedness, will be held out to him, and

the estate of many people of wealth would be scarcely sufficient to pay the costs of administration. The perjury could be committed in nearly every case with absolute safety, as it would seldom be possible to contradict the testimony of the defendant. The evil results of such a rule would be made manifest in the settlement of nearly every estate, for only one side to the controversy could be heard, and estates could be successfully robbed, under the forms of law. We think the legislature could not have intended to enact a law which would enable any dishonest debtor by his own oath to evade the payment of his written obligations if his creditors should die, and that the language of the statute is not sufficiently clear to require us to hold that such is its necessary meaning.

We are of the opinion that the disqualification under this statute applies whether the action is brought by or against an executor or administrator. The judgment of the district court is affirmed.

MINER, J., and BLACKBURN, J., concurred.