A. H. HENNEFER, REBECCA A. BUNCE, JAMES McLAUGHLIN, AND CELIA M. CAMPBELL, RESPONDENTS, *v.* JENNIE E. HAYS, APPELLANT.

PLEADING AND PROOF—FINDINGS—WITNESS—TRANSACTIONS WITH DECEDENT.

1. It is error to grant a decree quieting plaintiff's title on proof of facts showing a right to specific performance simply.

2. Unless the findings embrace all the facts essential to the cause of action set up in the complaint, a decree for the plaintiff based thereon is erroneous.

3. A party to an action to establish his interest in the estate of a deceased person cannot testify, in his own behalf, to any conversation or transaction equally within his own knowledge and the knowledge of the person since deceased, when the opposite party sues or defends as heir of such deceased person.

(No. 670.    Decided Dec. 10, 1896.)

Appeal from the Third district court, Territory of Utah. Hon. S. A. Merritt, *Judge.*

Action by A. H. Hennefer, Rebecca A. Bunce, James McLaughlin, and Celia M. Campbell against Jennie Hays. The actions were tried together. From a decree for plaintiffs, defendant appeals. *Reversed.*

*S. P. Armstrong,* for appellant.

*Loofbourow & Kahn, S. W. Darke,* and *James M. Denny,* for respondents.

No briefs were filed.

ZANE, C. J.:

These four cases were tried before a referee. The par-
ties stipulated before trial that they should be heard
together, and that the evidence taken should be received
in each, so far as competent, relevant, and material, and
that the findings of fact and conclusions of law should
be made a part of the record in each case. It appears
from the record that the late Abraham Hays was, in the
year 1886, the owner of a part of lot 2 in block 6, plat
B of Salt Lake City survey, more accurately described
in the record; that he died on the 14th day of December
of that year; and that his wife, Sarah Hays, and five
grandchildren, namely, A. H. Hennefer, William H. Hen-
nefer, Rebecca A. Bunce, and Edward E. Hennefer,
children of a deceased daughter, and Jennie E. Hays,
defendant, daughter of a deceased son, survived him;
and that the plaintiffs McLaughlin and Campbell obtained
interests in the land from William H. Hennefer and Mrs.
Bunce. The plaintiffs A. H. Hennefer and Rebecca A.
Bunce allege in their complaints an unwritten, executory
contract, between Abraham Hays and the four grand-
children first above named, and possession under the
contract, and valuable improvements and performance
on their part, and they pray the court to grant them
specific performance; while the plaintiffs McLaughlin and
Campbell base their cause of action on the statute of
limitations simply, acquired, as alleged, by adverse pos-
session and payment of taxes for seven years, and they
asked the court to quiet their titles. The referee found
the existence of the verbal contract between Abraham
Hays and the four grandchildren first named, and posses-
sion under and performance of it on their part. As to
the allegations in the complaint of McLaughlin and
Campbell, of possession and payment of taxes for seven
years before action was brought, the referee found

adverse possession for about three years and six months, and made no finding as to the payment of taxes. But he states, as a conclusion of law, that each of the plaintiffs is entitled to a decree quieting his title. So it appears that the referee found the existence of the facts set up to show a right to specific performance in the complaints of Hennefer and Bunce, but did not find adverse possession and payment of taxes, alleged in the complaints of McLaughlin and Campbell, to show their right to have their titles quieted. The referee found the facts stated in the two first complaints, but stated, as a conclusion of law, that all the plaintiffs were entitled to decrees according to the prayer of the two complaints containing the facts not found. Upon these findings, decrees were granted in the respective cases, quieting the titles of the respective parties; and a motion for a new trial in each case having been denied, and exceptions taken, the defendant appealed from such decrees and the orders overruling her motions for a new trial, and assigns said respective orders and decrees as error.

From this statement it is apparent that the findings were not responsive and applicable to the causes of action alleged in the complaints of James McLaughlin and Celia M. Campbell, and that the conclusions of law and the decrees were not responsive to the causes of action alleged in the complaints of A. H. Hennefer and Rebecca A. Bunce, and that the conclusions of law did not follow from the facts found. We therefore hold that the court below erred in the findings of fact as to the cases of McLaughlin and Campbell, and in stating its conclusions of law, and in the decrees and orders overruling defendant's motion for a new trial in the respective cases.

On the trial, A. H. Hennefer, a plaintiff, and one of the parties to the contract with Abraham Hays, deceased, of which the court was asked to decree specific perform-

ance against the defendant, was permitted to testify, against her objection. The testimony consisted of statements of the deceased, which, with the promises of the grandchildren above named, it is claimed, constituted the contract relied on. The defendant was an heir and a party, and the statements were equally within the knowledge of the witness, who was also a party, and the deceased ancestor. We are of the opinion that this testimony was inadmissible, under section 1, c. 31, p. 26, Laws Utah 1894, which declares that "a party to any civil action, suit, or proceeding, and any person directly interested in the event thereof, and any person from, through, or under whom such party or interested person derives his interest or title or any part thereof, when the adverse party in such action, suit or proceeding, claims or opposes, sues or defends as guardian of any insane or incompetent person, or as the executor or administrator, heir, legatee or devisee of any deceased person, or as guardian, or assignee or grantee, directly or remotely, of such heir, legatee or devisee as to any statement by, or transaction with, such deceased, insane or incompetent person, or matter of fact whatever, which must have been equally within the knowledge of both the witness and such insane, incompetent or deceased person, unless such witness be called to testify thereto by such adverse party, so claiming or opposing, suing or defending in such action, suit or proceeding." The case of *In re Atwood's Estate*, 14 Utah 1, we regard as decisive of this point.

For the reasons stated, the orders and decrees appealed from are reversed, and the court below is directed to grant a new trial, and to give the respective plaintiffs leave to amend their complaints.

BARTCH and MINER, JJ., concur.