## AULTMAN, MILLER & CO. *v.* BECKER.

1. Where an appeal is brought from the judgment only, errors occurring after judgment cannot be reviewed.

2. Where an order dismissing an action of claim and delivery was granted for failure of plaintiff within the statutory time to serve a copy of the complaint on defendant after demand, it was properly entered with costs to defendant.

(Opinion filed June 16, 1897.)

Appeal from circuit court, McPherson county.    Hon. LORING E. GAFFY, Judge.

Action in claim and delivery.    Defendant had judgment and plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*Chas. Mitschrich* and *Williams & Williamson*, for appellant.

Plaintiff has a right to dismiss on payment of costs. Schaetzel v. City of Huron, 6 S. D. 134, 60 N. W. 741; Mullen v. Peck, 10 N. W. 829; Martin v. Hodge, 1 S. W. 694.

*James M. Brown*, for respondent.

In an action in replevin, after levy has been made and the possession of the property is in the plaintiff, under his bond, the position of the parties, is practically reversed, and the action cannot be dismissed without consent of defendant.    Aultman v. Reams, 4 N. W. 81; Cobbey on Repl., § 1198.    See also Marshall v. Bunker, 40 Ia., 121; Waldman v. Broder, 10 Cal. 379.

HANEY, J.    This is an action to recover possession of specific personal property.    It was commenced by service of a summons and the usual papers required by the provisional remedy of claim and delivery.    Defendant, within 30 days thereafter, caused notice of appearance to be given, and by attorney demanded in writing a copy of the complaint.    None was served within the statutory time, and defendant, upon due notice, moved the court for an order dismissing the action at

plaintiff's costs, and for a return to him of the property taken. This motion was made on an affidavit of defendant's attorney and the papers served upon defendant. Plaintiff appeared by attorney in opposition thereto and read an affidavit of the sheriff and the sheriff's return on the affidavit in claim and delivery. Defendant's motion was sustained, and judgment rendered wherein it is ordered and adjudged: "That this action be, and is hereby, dismissed; that the property taken from the defendant in this action be returned to him by the plaintiff, or the value thereof in case a return cannot be had; and that defendant have judgment against said plaintiff for the costs of this action, to be taxed by the clerk of this court upon proper notice." Subsequently plaintiff moved the court to vacate this judgment, upon the hearing of which motion affidavits were read by the respective parties. The motion was denied. Plaintiff appeals from the judgment.

Why the motion to vacate was made is not apparent. As we understand the abstracts, it presented no reason for vacating the judgment which could not have been offered in opposing the motion for judgment. It is not claimed that plaintiff was taken by surprise, or prevented from presenting all the objections he desired to upon the hearing of the first motion. It is difficult to discover any occasion or authority for the second motion, but the court is not called upon to consider it. When the appeal is from the judgment only, errors occurring after judgment are not presented for review. Hawkins v. Hubbard, 2 S. D. 631. 51 N. W. 774; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Gade v. Collins, 8 S. D. 322, 66 N. W. 466.

In reviewing the judgment this court will be restricted to a consideration of the record upon which the court below acted in sustaining defendants motion. In his affidavit in claim and delivery, plaintiff claimed he was entitled to the immediate possession of certain horses, cattle and farm machinery therein described; also 600 bushels of wheat grown in 1895 upon cer-

tain described land.   In the sheriff's return it is certified that he took from defendant 26 bushels of flax and 318 bushels of wheat, and that defendant paid to him the amount of plaintiff's claim, $93, $20 for hauling grain, and $6.85 sheriff's fees, whereupon he released the levy and returned the wheat to defendant.   In his affidavit the sheriff states:  "I levied upon certain personal property of the defendant above named by virtue of a writ of replevin to me directed in the above-entitled action, and afterwards, about six or eight days after said levy, the defendant paid the full amount of plaintiff's claim and all costs, and plaintiff thereupon authorized me to return to defendant all property levied upon, which I did.   No part of said property was delivered to plaintiff.   That defendant paid said money, and plaintiff authorized the return of said property, with the understanding that all proceedings be dropped, and the case dismissed, without further costs being made to either party."   The judgment does not describe or designate what property shall be returned to defendant, nor does it fix the value in case a return cannot be had.   Its only legal effect is to dismiss the action for failure to serve a complaint, and to allow defendant his costs.   Thus construed, it contains nothing of which plaintiff can complain.   Actions can be dismissed only by order of the court.   Plaintiff has shown by the sheriff's affidavit that it was the understanding of the parties that this one should be dismissed "without further costs;" that is to say, with the costs to which defendant was then entitled.   The judgment is affirmed.