CHAFFEE BROTHERS COMPANY, a Corporation, Plaintiff, v. POWERS ELEVATOR COMPANY, a Corporation, Defendant.

(170 N. W. 315.)

**Trial court — rulings of — assent to by affected party — prejudice — ordinarily estopped to claim.**

1. Where a party invites, and in effect consents to, a ruling, he is ordinarily estopped from asserting that the ruling was prejudicial.

**New trial — order denying — entered subsequent to judgment — appeal from judgment — cannot be reviewed on.**

2. An order denying a new trial entered subsequent to the judgment cannot be reviewed on an appeal from the judgment.

Opinion filed November 30, 1918.

From a judgment of the District Court of Foster County, *Coffey, J.,* plaintiff appeals.

Affirmed.

*T. F. McCue,* for appellant.

Where, between a landlord and tenant, the written lease provides that title to grain raised by tenant shall remain in the landlord till a division and settlement, a mortgage on the grain by the tenant does not attach to any of the grain until after such division and settlement, where such lease is properly filed or recorded. Angell v. Egger, 6 N. D. 391; Minneapolis Iron Store Co. v. Branum, 36 N. D. 355.

*S. E. Ellsworth,* for respondent.

Where parties consent to try a case upon a certain theory of what the law is at the time, though it be erroneous, they cannot complain of the result, if it be true to the theory and the law as adopted at the time. Davis v. Jacoby, 54 Minn. 144, 55 N. W. 908.

In all such cases parties and counsel should be compelled to submit to the course which they pursued at the trial, and upon which the trial court acted.

Causes are disposed of in the supreme court in accordance with the law as understood and adopted by all parties and the trial court, at the time of trial and entry of judgment. Shea v. C. R. I. & P. R. Co. 66 Minn. 102, 68 N. W. 608.

At the time of the entry of judgment by the district court, it is on all hands conceded that the unwritten law of the case was as set forth in the existing decisions of this court, and parties must be governed by the law in force at the time. Angell v. Egger, 6 N. D. 371; Ins. Co. v. Rutherford (Va.) 35 S. E. 719; Merlo v. Coe, 258 Ill. 328.

In this case the real question was as to the priority of certain claimed liens, and not as to whether plaintiff's lien had attached, and therefore the later decision of this court does not apply in point. Minneapolis Iron Store Co. v. Branum, 36 N. D. 355, 162 N. W. 542.

"An action for conversion of personal property cannot be maintained unless plaintiff was in possession, or held the legal right to immediate possession, at the time of the conversion." Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313.

CHRISTIANSON, J.   This action was brought to recover damages for the alleged conversion of a crop of wheat upon which plaintiff claims a lien by virtue of a chattel mortgage given to him by one Klemstein.   The defendant, in its answer, denied all the averments of the complaint. The case was tried to a jury.   At the close of the entire testimony, defendant moved for a directed verdict.   The plaintiff's attorney did not resist the motion, but conceded that the motion ought to be granted, and in effect consented to a direction of verdict in defendant's favor.

The record shows that the following colloquy took place after defendant had moved for a directed verdict:

Mr. Burdy (defendant's attorney) :   I understand that plaintiff concedes at this time that the defendant is entitled to a directed verdict. At this time the defendant moves the court to direct a verdict in favor of the defendant.

Mr. McCue (plaintiff's attorney) :   I can't see any other way out of it, Judge.

The Court:   The motion is allowed.

Mr. McCue (plaintiff's attorney) :   I have done all I could and there is nothing there.

The Court:   Gentlemen of the jury:   Under the record as it now stands the motion for a directed verdict, made by defendant, is allowed. The plaintiff does not resist the motion in any way, but, in order to make the record complete, I will ask this first gentleman to sign the verdict as foreman of the jury.   (After the verdict was signed by the foreman and read by the court.)   The clerk may file the verdict, so you may be excused.

Judgment was entered pursuant to the verdict on March 9, 1917. On March 28, 1917, the plaintiff gave notice of a motion for a new trial.   The motion came on for hearing on April 12, 1917, and after hearing the court denied the same for the avowed reasons that the plaintiff had to all intents and purposes agreed to a directed verdict in favor of defendant.   And that in any event the plaintiff had failed to show the amount of wheat sold to the Elevator Company and the price thereof, so that there was no evidence from which the jury could ascertain the amount of the liability of defendant, if any.   Notice of entry of the

order denying a new trial was served on plaintiff's counsel on April 16, 1917. No appeal was taken from the order denying a new trial. But on August 3, 1917, plaintiff appealed from the judgment. No mention is made on this appeal of the motion for a new trial, and no error is attempted to be predicated on the denial of such motion. The only error assigned on this appeal is that the court erred in sustaining the defendant's motion for a directed verdict, and in entering judgment in favor of defendant for a dismissal of plaintiff's action.

It seems clear that upon this record the judgment appealed from should be affirmed. The record (which we have quoted) clearly shows that the plaintiff expressly invited, and in effect consented to, the ruling which the court made upon the motion for a directed verdict. The judgment subsequently entered followed as a matter of course. It is axiomatic that "he who consents to an act is not wronged by it," and that "acquiescence in error takes away the right of objecting to it." Comp. Laws 1913, §§ 7249, 7250.

Whether the court should have granted a new trial is not before us. For no appeal has been taken from the order denying a new trial. The remedies afforded by an appeal from a judgment and an appeal from an order denying a new trial are independent remedies. King v. Hanson, 13 N. D. 85, 99 N. W. 1085. And it is well settled that an order denying a new trial entered subsequent to the judgment cannot be reviewed on an appeal from the judgment. Paulsen v. Modern Woodmen, 21 N. D. 235, 130 N. W. 231; Heald v. Strong, 24 N. D. 120, 138 N. W. 1114; Shockman v. Ruthruff, 28 N. D. 597, 149 N. W. 680. See also 4 C. J. 684.

It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

GRACE, J. I concur in result.

ROBINSON, J. (dissenting). The plaintiff sued to recover $320 for the conversion of property on which it held a mortgage lien, and it appeals from a judgment against it on a directed verdict. The complaint avers that in September, 1912, to secure $320, Klemstein made to it a chattel mortgage on his undivided half interest in crops to be grown during the year 1913 on a certain quarter section of land (S.W.$\frac{1}{4}$ 9–144

41 N. D.—7.

–66); that said mortgage was duly filed in the office of the proper register of deeds and due notice thereof given to defendant. That during the year 1913, the mortgagor raised on said land 840 bushels of wheat which defendant received at its elevator at Melville, North Dakota, and converted to its own use with both constructive and actual notice of plaintiff's mortgage lien amounting to $320.—The answer is in effect a general denial.

At the trial it appeared that in 1913 the mortgagor farmed the land under a lease from one Cummins whereby the mortgagor was to furnish seed and to farm the land and to receive half of the crops thereon produced; and, until a division of the crops, it was agreed that the title should be in Cummins. The mortgagor produced on the land 840 bushels of wheat and delivered the same to the defendant at its elevator. The quarter section was all sowed to wheat. When the grain was being hauled, Bowers, the agent in charge of the elevator, was notified by the secretary and manager of the plaintiff that it had a first mortgage on the grain; that notice was given on the first trip,—the first load that was hauled. The wheat graded No. 1 Northern and was worth $1.02 per bushel. All the wheat grown on the land in question was threshed in September, 1913, and delivered from the threshing machine to the defendant. It was all delivered in the name of Cummins. Immediately after the delivery of the wheat, Bowers demanded pay for it.

In December, 1913, the lessee demanded a settlement with Cummins for his share of the wheat. Cummins refused it and claimed the right to hold back $2 an acre to secure the plowing, and when the plowing was done he held back the money to abide the event of this suit.

Bowers testified that in September, 1913, he was in the employ of the defendant, and that he received and took in the grain at the request of Cummins, and gave him storage tickets for it in the name of the elevator company; that the grain was not kept in separate bins and it was all shipped out; that the storage tickets were returned and cashed checks made to Cummins.

On such proof and facts, the court directed a verdict for the defendant on the ground that, until a division of the grain, the title was in Cummins. The direction was supposed to be in accord with a rule of law as stated in an old and ill-considered decision by this court reported in Angell v. Egger, 6 N. D. 391, 71 N. W. 547. Immediately after

the trial, that erroneous decision was squarely overruled (Minneapolis Iron Store Co. v. Branum, 36 N. D. 355, L.R.A.1917E, 298, 162 N. W. 543), and counsel moved for a new trial.

The motion was denied mainly on the ground that when the verdict was directed, both counsel and court labored under a misapprehension of the law, and no objection was made to the motion. However, it is entirely clear that an objection would have been of no avail, and counsel did not in any way mislead the court. The mistake was common to both the court and counsel, and hence the error must be corrected. Indeed, in such a case, according to just, professional ethics, counsel for defendant should not have opposed the motion. The defendant has deliberately chosen to stand in the place of Cummins. It was wholly needless for it to assume the cost and risk of defending the action.

When the summons and complaint was served on defendant, its proper course was to turn them over to its vendor, Cummins, with written notice to appear in the action and to defend his title to the grain or to pay for it with all expenses of the suit. On a proper notice, the vendor of property is always bound to defend his title. Of course, when a vendor is not responsible, the purchaser must beware and he must take his own chances. The courts are bound to know the law and to administer justice in such a way as to rob no man of his property, and to correct their own errors. As it appears from the record, there was no defense to this action. That is too clear for argument.