STATE OF NORTH DAKOTA EX REL. EILEEN E. STORM, Respondent, v. JAMES E. HOUGHT et al. JAMES E. HOUGHT and David M. Hought, Appellants.

(229 N. W. 371.)

Opinion filed February 20, 1930.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

*George P. Homnes,* for respondent.

BURR, J. This is the second appeal in this case. See State ex rel. Storm v. Hought, 56 N. D. 663, 58 A.L.R. 186, 219 N. W. 213. The three defendants had made a motion for judgment non obstante veredicto or for a new trial and "judgment non obstante was ordered in favor of all the defendants except Kohlman, and as to him judgment was entered on the verdict." Kohlman appealed from the judgment and from the order denying the motion for a new trial; and the plaintiff "appealed from the order granting judgment non obstante as to the defendants James Hought and David Hought."

This court reversed the lower court in granting judgment non obstante in favor of the defendants James Hought and David Hought; but the lower court was not reversed in denying judgment non obstante in favor of Kohlman or in refusing to grant him a new trial.

In our former opinion we said: "The principal question in both appeals concerns the sufficiency of the evidence; in the appeal of Kohlman, the sufficiency of the evidence to establish that the injury was received in the course of the employment of the deceased, and, in the appeal of the plaintiff, the sufficiency of the evidence to establish that the respondents were employers."

So far as the defendants David Hought and James Hought are concerned the reversal of the lower court in granting them judgment did not dispose of the motion for a new trial. We specifically held that our judgment was "without prejudice to the rights of the defendants (defendants Hought) to obtain a ruling of the trial court on that portion of their motion—the motion for a new trial,—which was undisposed of."

The defendants then appeared in the lower court urging their motion for a new trial, which motion was denied. It is from the order denying this motion the defendants Hought appeal.

It is manifest that at the hearing on the motion for a new trial only such grounds could be presented as were set forth in the motion when it was made. Parties intending to make a motion for a new trial must make the motion within sixty days after the return of the verdict (Comp. Laws, § 7664), unless on the ground of newly discovered evidence which is not involved here. The motion was not heard until at least a year after the verdict was returned. It is clear therefore the applicants cannot set forth new grounds at the time of the hearing. The motion for a new trial, when made, must present all the grounds relied upon. The appellate court cannot hear other, O'Dell v. Hiney, 49 N. D. 160, 190 N. W. 774, nor can the trial court, otherwise a litigant could present new grounds up to the time the trial court disposed of the motion. Unless grounds are included in the motion they are deemed abandoned. The lower court, therefore, in considering the motion for a new trial, could consider only the grounds set forth in the motion when it was made. Hence specification 28 presented to the court when the motion was heard cannot be considered.

The two main points involved in the appeal were whether the employee received his injuries in the course of his employment; and whether the Houghts were employers. With reference to the Houghts there was involved alleged error "in permitting evidence to be introduced showing that there were negotiations for settlement," and the

comment of counsel upon such evidence. In the former opinion (page 672 of 56 N. D.) we review the evidence connecting the Houghts with the employment. We held there was sufficient evidence introduced with respect to both main questions justifying the submission of the case to the jury—that is there was evidence upon which the jury could find either way as to whether the deceased received his injuries in the course of his employment and as to the Houghts being employers. There being such evidence we held the court could not render judgment notwithstanding the verdict in favor of the Houghts. We passed upon the alleged error in permitting evidence dealing with negotiations for settlement and with the comment thereon. We said:

"A further contention is advanced on behalf of the defendants to the effect that the court erred in permitting evidence to be introduced showing that there were negotiations for settlement. The evidence was that Kohlman immediately wired James Hought, that he came and that the two went to see Mrs. Storm for the purpose of effecting a settlement. In view of the issue tendered with respect to the change of ownership and the personnel of the employers, this evidence was clearly admissible and it was proper to comment upon it, as was done, in the argument to the jury."

Thus we held that the evidence was competent on the question of whether the Houghts were employers. This became the law of the case and therefore, when the question of a new trial was presented to the lower court there was left to the court to determine, not whether there was *any* evidence on the two main points, but whether the evidence was sufficient to justify the verdict. A trial court may be confronted with a situation where there is evidence, and therefore the court cannot as a matter of law say the verdict should have been rendered otherwise, and yet the evidence be such that the court in its opinion may say it is insufficient to satisfy the ends of justice and therefore another jury should pass upon the same question. This was the situation when the lower court passed upon the appellants' motion for a new trial. It was useless therefore to urge the question of error in receiving the evidence dealing with the so-called negotiations for settlement or alleged error on permitting comment. These points were settled.

This leaves but one question—though there was evidence in the case so the court could not grant judgment notwithstanding the verdict

nevertheless is such evidence sufficient to justify the verdict? We must remember this matter was before the Workmen's Compensation Bureau in the first instance. The bureau held the deceased received his injuries in the course of his employment and that the Houghts were employers. There was evidence on these two points presented at the trial and the jury held the same way. The matter came before the lower court for review and by its order denying the motion for a new trial the lower court also held there was sufficient evidence on both points to justify the verdict.

It is clear that in granting the motion for judgment notwithstanding the verdict the lower court had excluded and refused to consider what we afterwards said should have been considered; but in passing upon the motion for a new trial, the trial court took into consideration the evidence we said should be included. After taking this into consideration the lower court felt the verdict was justified by the evidence thus affirming the bureau and the jury. We cannot say the evidence was so insufficient that the trial court abused its discretion in denying a new trial, or that the order should be reversed and therefore the order of the lower court is affirmed.

NUESSLE and BIRDZELL, JJ., concur.

BURKE, Ch. J. I dissent.

CHRISTIANSON, J. I believe a new trial should have been ordered as to James E. and David M. Hought.