[File No. 6675.]

EVELYN BRAUN, Respondent, v. T. A. MARTIN and Wilson & Company, Inc., a Corporation, Appellants.

(293 N. W. 317.)

Opinion filed July 20, 1940.

*Conmy & Conmy* and *Alvin Aas,* for appellants.

*Max W. Lauder,* for respondent.

BURR, J.   Defendants appeal from the judgment of the district court and from an order denying a new trial in an action for damages accruing from an automobile collision.

The plaintiff alleges the collision was the result of the negligence of defendant Martin; and that at the time of the accident, Martin was an employee of the defendant Wilson & Company, Inc., engaged in the business of the company as such employee.

In separate answers, defendants deny Martin was negligent; deny he was engaged in the business of his codefendant at the time of the accident; allege the collision was the result of the gross negligence of one McCullough, the driver of the taxi in which the plaintiff was riding; and that by her own negligence plaintiff contributed proximately to the injuries she sustained.

The jury found for the plaintiff against both defendants, and judgment was entered accordingly.   A motion for a new trial was denied, and defendants appeal.

The assignments of error set forth: Four alleged errors in the instructions to the jury; alleged error in denying defendants' motion for a mistrial; error in failing to rule on an objection taken to the argument of counsel for the plaintiff; six adverse rulings of the trial

court in the admission of testimony; and error in denying the motion for a new trial.

The motion for a new trial alleges but one error in the instructions. On appeal defendants specify three more selections from the charge.

On the motion the only specification of error in the charge is the instruction that the "only question for them (the jury) to determine was the question of the amount of the plaintiff's damages." With reference to this, appellants confined themselves to one feature, to wit: "that evidence was submitted from which the jury could have determined that the proximate cause of the loss and injury concerned was the negligence of the driver of the taxi cab in which the plaintiff was riding rather than the negligence of the defendants, and this issue should have been submitted to the jury."

This specification, with its explanation, raises no issue regarding Martin's relation to his codefendant at the time of the collision. On the motion for a new trial the issue is not raised, but in their brief appellants claim there was evidence showing Martin had momentarily ceased being on the company's business at that period, and on appeal, assign error thereon.

Appellants cannot urge upon appeal any alleged error in the instructions that was not presented to the trial court on the motion for a new trial. Isensee Motors v. Godfrey, 61 N. D. 435, 238 N. W. 550.

Defendant Martin was driving from Breckenridge, Minnesota to Wahpeton in this state, while plaintiff, with four other ladies, was riding in the taxi from Wahpeton to a point in Breckenridge. The cars met on the highway; a collision occurred; and plaintiff was severely injured. Her nose was broken; her eyes injured, and she sustained other serious injuries.

Defendant Martin testified: He was a salesman for his codefendant Wilson & Company, Inc.; he was driving to Wahpeton on the business of the company for the purpose of interviewing its customers; he had been drinking shortly before beginning the trip, and the distance from Breckenridge to Wahpeton is slight, the towns being practically connected. While thus driving, he changed his mind, determined not to proceed on the company's business, but to turn around and go to Fergus Falls. The street was paved, the visibility good, the road clear, the driver of the taxi was well over to the right-hand side

of the road; but just as the two cars were almost ready to pass, Martin changed his mind about the company's business, made a U-turn, and the collision occurred.

Martin, who admitted he was on the wrong side of the road at the time of the accident, testified, "I do know that I crossed the center line. Otherwise, I would never have hit that other car."

The evidence shows there was no negligence on the part of McCullough. He was as near to the right-hand edge as he could get, was driving at the rate of about fifteen miles per hour, and had a right to expect the approaching car would be kept on the proper side of the road.

Not only did the defendant Martin admit he was on the wrong side of the road at the time of the collision, but he also testified that McCullough had not done anything in any way to cause him, Martin, to leave his side of the road and cross to the other side. The plaintiff was a passenger in the taxicab, and there is not the remotest testimony to show she was guilty of any negligence whatever. The evidence is conclusive that Martin was an employee of his codefendant at the time of the collision and was on the business of the company at that time. The plaintiff was seriously injured; and thus the only question to submit to the jury was the amount of the plaintiff's damages. The court did not err in this respect.

The motion for a mistrial was based upon a statement of the plaintiff brought out on examination by her counsel.

Plaintiff had submitted to several operations for the purpose of straightening her nose, had long continued treatment of her eyes, and other medical attention.

Prior to the trial her nose was examined by Dr. Baker on behalf of the defendants. He testified as a witness for the defendants, stating what he found.

Upon re-direct examination, plaintiff was asked: "Miss Braun, you heard the testimony of Dr. Baker about the examination. Is your nose now in the condition it was at the time that he made the examination?"

Her answer was "No, it is not. I have had an operation down at Rochester." At this time the defendants moved that the answer "be stricken, and I ask the court to declare a mistrial here; that prejudicial statements are obviously, purposely made by the plaintiff and

counsel asked that question to provoke such an answer after repeated warnings." The court said, "Well, I will strike out the last part of the answer." " 'No, it is not,' is what will remain. And I will warn counsel and warn the plaintiff that if the counsel continues in this line, I will have to declare a mistrial."

This is the sole portion of the record which is cited showing error of the court in denying a mistrial. The record shows the plaintiff was treated by various doctors for injuries, particularly injuries to the nose; and that she did have several operations on the nose, at least one of them being at Rochester; and defendants urge that reference to this operation at Rochester was reference to an item of special damage not pleaded.

In her complaint plaintiff alleged she sustained "an injured eye; a broken nose; a severe cut on the face; muscular lesions in the limbs, body and back; severe shock and concussion so that the plaintiff was subjected to and did spend large sums of money in hospitalization, medical treatment and doctor bills," etc.

The complaint shows no itemization of the amount of the doctor bills, nor statement of where these doctor bills were incurred; but the response to the question was not prejudicial as referring to a matter not pleaded. Plaintiff was not asking for recovery of a specific item of expense incurred, but was attempting to show a change of condition between the time of the accident and the time of the examination.

The question was a proper one; and while the first part of the answer—"No, it is not"—is a complete answer to the question; the explanatory statement which she added was not injurious; and in any event, the court struck it from the record. This action was clearly favorable to the defendants, and no reversible error occurred.

While counsel for the plaintiff was making his opening argument, the reporter was called into the courtroom and required to take the further argument.

The portion of the opening argument taken by the reporter covers over eight pages attached to the transcript; and at its close, counsel for defendants stated, "Let the record show that the defendants object and take exception to the argument of counsel in general on the grounds that various references are made therein to testimony and evidence that was either ruled out or stricken out by the court. Further objection

and exception is made to the argument and *particularly to that portion of the argument where reference is made to one of the defendants as being a large corporation and well able to pay,* on the ground that such reference is improper and prejudicial."

This reference to the defendant corporation, specified in this objection, was made just after the reporter began taking the argument, and the full text is as follows: "Gentlemen, one of the defendants in this action is a packing company. The record shows they are a big concern and do business all over the United States. Gentlemen, that company is well able to pay, and if the evidence shows that if an employee, without any excuse, does damage to other people, isn't it time that Richland county jurors, by their verdict, make those people pay the full amount of the damages which they have caused other people?"

Counsel completed the opening argument before the record shows any interruption, objection, or exception. The defendants then excepted. Thereupon the court said, "Proceed." Counsel for the defendants then addressed the jury, and the reporter took plaintiff's closing argument.

The record does not show that the attention of the court was called to any other statement made by plaintiff's counsel in his arguments until after the motion for a new trial was presented.

On this motion, the defendants specified as error six portions of the alleged addresses to the jury. Of these, two do not appear in the record as taken and certified to by the reporter. Two others are taken from the closing argument and no objection was made to them. No request for instruction anent any of them was made.

The other alleged objectional portion appearing in the record, and made prior to defendants' objection, is this: "I realize that counsel here, in drawing the jury, didn't see fit to leave any business men on the jury. I have a right to draw a conclusion—isn't it funny that the corporations don't want the business men in this kind of a case? Why? Gentlemen, they feel that because you men are farmers that you wouldn't have a full appreciation of what an injury of that type and kind means to a young lady. They think, 'Well, we will get some sod busters that don't know anything, and they will think it is only another crack in the nose.'"

No exception was taken to this at the time the statement was made;

nor is it specified in the objection entered. No objection was made to any of the portions cited from the closing argument.

It was not until after the verdict was returned and a new trial was desired that these matters were called directly to the attention of the trial court.

In connection with these objections, the trial court, in his memorandum opinion rendered at the time he denied the motion for a new trial, says:

"In the specifications of error the counsel for the defendants set forth a number of purported statements of counsel for the plaintiff supposed to have been made by plaintiff's attorney upon the opening and closing arguments to the jury. The attorney for the plaintiff has filed an affidavit denying the making of such statements as set forth in the specifications of error.

"In the matter of the argument of counsel for the plaintiff the court remembers the facts to be about as follows: In the opening argument the attorney for the plaintiff made some statement to the effect that the defendant Wilson & Co., Inc., was a large corporation, well able to pay the verdict that the plaintiff was asking for. The attorney for the defendants objected to this statement of counsel and the court sustained such objection and admonished the jury. The court then called in the reporter and asked the reporter to take down all further arguments of plaintiff's counsel. This was done. The attorney for the plaintiff proceeded with his opening argument, and, thereafter, when the attorney for the defendants had argued, proceeded with his closing argument. No further objection was made by the counsel for the defendants with reference to the argument of plaintiff's counsel and no request was made to the court for any particular instruction with reference thereto. The court was not aware that the defendants had any further objection to the argument of plaintiff's counsel.

"Although, as above stated, no statement of the case has been settled, the court has had the reporter read the complete argument of the counsel for the plaintiff as taken by the reporter. The record does not bear out the specifications of error as filed by the defendants. Although some statements of the counsel for the plaintiff may be somewhat exaggerated and the inferences drawn from the evidence may in some cases be unreasonable, yet the argument as a whole was not an

appeal to passion and prejudice and the court is of the opinion that the first ground of defendants' motion is not sustained."

Doubtless if defendants had asked the court to specifically caution the jury with reference thereto, this would have been done. But defendants did not see fit to do so.

As stated in United States v. Socony-Vacuum Oil Co. 310 U. S. 150, 84 L. ed. 1129, 60 S. Ct. 811: "Counsel for the defense cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial." See also Crumpton v. United States, 138 U. S. 361, 364, 34 L. ed. 958, 959, 11 S. Ct. 355.

The statement referred to in the objection should not have been made, as the general tenor might be to ask for a verdict on the theory of "ability to pay." Nevertheless, there was some duty resting upon the defendants also, knowing that counsel are tempted to excess by fervency and zeal in a client's service.

A mere objection that the argument of counsel was improper does not present anything for review on appeal unless specific statements are called to the attention of the court when made, and a motion is made to have the counsel rebuked and the jury cautioned. See Leach v. Nelson, 50 N. D. 538, 196 N. W. 755. We are not dealing with a situation where the court, on its own volition in the interest of justice, should sternly, immediately, and emphatically rebuke counsel. Such situation is not claimed to be presented here. To sit by and permit counsel to make and finish an argument and then interpose such an indefinite objection as was made in this case does not warrant a reversal here. It must be shown clearly that the result was probably affected by the statements. Argument of doubtful propriety is not necessarily prejudicial. Northern Trust Co. v. Bruegger, 35 N. D. 150, 178, 159 N. W. 859.

The error assigned in the motion for a new trial—"Excessive damages appearing to have been given upon the influence of passion or prejudice"—is not one of the specifications of error on this appeal, except as the point is involved in the general specification that the court erred in denying the motion of the defendants for a new trial, having been raised then.

In connection with the argument on remarks of counsel in his address to the jury, there is one brief reference to "passion and prejudice" in appellants' brief; otherwise the matter is not argued here.

As we have shown, there was really but one issue to decide—the damage suffered by plaintiff—and reference to ability to pay was not hurtful, except as it might affect the amount. No reversible error is shown here.

The errors assigned on the admission of testimony are based on overruling objections, it being claimed that the evidence sought to be elicited was "inadmissible under the pleadings, not having been alleged as special damages."

These were not brought to the attention of the trial court on the motion for a new trial; and therefore we do not consider them. See Zimbelman v. Lah, 61 N. D. 65, 237 N. W. 207.

The record shows the plaintiff was seriously injured. The verdict rendered was moderate. Plaintiff sued to recover $3,000; and the amount allowed—$2,400—does not indicate passion and prejudice. The order and judgment appealed from are affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.