[File No. 7358]

IRVING GOODMAN AND STANLEY GOODMAN, d/b/a IRVING'S TRACTOR LUG COMPANY, Appellants v. OSCAR MEVORAH AND MARTIN SILLS, Respondents.

(59 NW2d 193)

Opinion filed May 4, 1953.   Rehearing denied June 20, 1953

*Lanier, Lanier & Knox,* and *Aaron Aronson,* for appellants.
*Burnett, Bergesen, Haakenstad & Conmy,* for respondents.

CHRISTIANSON, J.  Plaintiffs brought this action to recover the possession of a stock of automobile and tractor parts and other merchandise.  In the complaint it is alleged that the plaintiffs are the owners and entitled to the immediate possession of such property; that their title is based upon a contract between the plaintiffs and defendants under which the defendants agreed to purchase said merchandise from the plaintiffs and to pay therefor in installments; that such contract is in default and has been terminated by due notice to the defendants; that said property is in the possession of the defendants in the City of Fargo, Cass County, North Dakota; that possession thereof has been demanded by the plaintiffs and that such demand has been refused; that said personal property has not been taken for a tax assessment or fine pursuant to statute or seized under an execution or attachment against the property of either the plaintiffs or defendants, and that the value of such property is $3000.

Ancillary to such action the plaintiffs instituted a proceeding of claim and delivery as provided under NDRC 1943, Chapter 32–07, and by an endorsement in writing upon the affidavit in such proceeding required the sheriff of the county of Cass where the property was located to take the same from the defendants and deliver it to the plaintiffs.  NDRC 1943, 32–0703.  Accordingly the property was taken by the sheriff from the defendants and delivered to the plaintiffs in this action.  The defendants interposed an answer and counterclaim.  In such answer they specifically denied that the plaintiffs are the owners of or entitled to the immediate possession of the stock of automobile and tractor parts and other merchandise described in the complaint and they alleged that the defendants purchased such property on their own account and that the same constituted no part of the stock of goods sold to the defendants by the plaintiffs on a conditional sales contract.  In their counterclaim the defendants allege that on June 23, 1950, they entered into a contract in writing wherein and whereby they purchased outright the trade

name of Irving's Tractor Lug Company and thereafter filed a certificate in the office of the Clerk of the District Court of Cass County showing them to be co-partners doing business under such trade name; that under the said contract the stock of goods then owned by the plaintiffs was sold to the defendants conditionally; that under said contract the defendants were authorized to purchase and did purchase additional merchandise and that the merchandise so purchased is not covered by the conditional sales agreement and that the plaintiffs have no right and title thereto and no right to the possession thereof; that the stock of automobile and tractor parts and other merchandise described in the complaint was purchased by the defendants from third parties within the last month and is contained in the original packages of shipments and that the defendants are the owners of said property; that by reason of the unlawful seizure and detention of such property by plaintiffs in this action the defendants were unable to resell such property, that their credit is harmed and their business destroyed and that they have been and are subjected to disturbance, annoyance and expense in defending their title to said property, all to their damage in the sum of $6,000. The plaintiffs interposed a reply to the counterclaim denying each and every allegation thereof except as the same admitted allegations in the complaint. The case was tried to a jury upon the issues framed by these pleadings. At the close of all the evidence defendants moved the court to dismiss plaintiffs' action on the grounds that it appears from the undisputed evidence and as a matter of law that the plaintiffs have no right or title to the possession of the goods concerned in the action, thereupon plaintiffs' counsel stated: "May the record show that that motion is not resisted under the present state of the record, but that the plaintiff enters his agreement with this motion and does so, not waiving any of his rights to appeal from assigned errors under rulings of evidence during the course of the trial." Thereupon the court stated, "That, of course, then is agreed upon as far as that motion is concerned." To which plaintiffs' counsel replied, "That is correct, your honor." Thereupon the court ruled that the motion to dismiss the action be granted. Immediately thereafter the defendants'

counsel moved that the court direct a verdict for the defendants on "the counterclaim in such sum as they (the jury) determine is proper under the instructions as to damages." The attorney for the plaintiffs stated, "that motion is not resisted with the same reservation on right to appeal on assigned errors on rulings and instructions." The court ruled that the motion be granted. Thereafter the case was submitted to the jury.

The jury returned a verdict in favor of the defendants for $4600.00. On February 5, 1952, judgment was entered pursuant to the verdict. After the entry of the judgment plaintiffs moved for a new trial. In the notice of motion and in the motion for a new trial plaintiffs specified as grounds for the motion for a new trial: insufficiency of the evidence to justify the verdict and that it is against law; errors in law occurring at the trial and excepted to by the plaintiffs; errors in instructions to the jury. In the specifications attached to the notice of motion and motion it is stated that the court erred in refusing to allow the plaintiffs to introduce certain testimony relating to alleged breaches of the conditional sales contract between the parties and testimony under an offer of proof made by the plaintiffs; that the court erred in admitting testimony as to the resale value of the merchandise in question over the objections of the plaintiffs; that the court erred in its instructions to the jury as to the measure of damages and erred in refusing to give to the jury certain instructions requested by the plaintiffs. The motion for a new trial came on to be heard pursuant to notice on March 24, 1952. On March 26, 1952, the district court made an order denying the motion for a new trial. Such order was filed and entered in the office of the clerk of the district court on April 1, 1952. On July 30, 1952, the plaintiffs took and perfected an appeal from the judgment which was entered on February 5, 1952.

The appellant has the burden of presenting a record affirmatively showing error. It is a rule of general application that an appellate court will indulge all reasonable presumptions in favor of the correctness of a judgment from which the appeal was taken. "Indeed error is never presumed on appeal, but must be affirmatively shown by the record; and the burden of so showing

it is on the party alleging it, or, as sometimes stated, the burden of showing error affirmatively is upon appellant." 4 CJ 731-733 (— CJS —); Erickson v. Wiper, 33 ND 193, 222, 157 NW 592; Ramage v. Trepanier, 69 ND 19, 26, 283 NW 471; State v. Van Horne, 71 ND 455, 457, 2 NW2d 1.

What errors are presented for review by the record presented on this appeal? Generally speaking a party aggrieved by an adverse verdict has a choice of remedies: he may move that the verdict be vacated and a new trial granted for any of the causes prescribed by law, or he may appeal from the judgment rendered and entered upon the verdict. The two are independent remedies and the party aggrieved may invoke one or the other or both at his election provided he does so in the time and in the manner provided by the statute. King v. Hanson, 13 ND 85, 99 NW 1085; McCann v. Gilmore, 42 ND 119, 172 NW 236; Chaffee Bros. Co. v. Powers Elevator Co., 41 ND 94, 97, 170 NW 315. The laws of this state (NDRC 1943, 28-1902) provide:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

2. Misconduct of the jury, and whenever any juror has been induced to assent to any general or special verdict or to a finding on any question submitted to the jurors, by the court by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors;

3. Accident or surprise which ordinary prudence could not have guarded against;

4. Newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;

5. Excessive damages appearing to have been given under the influence of passion or prejudice, but when a new trial is asked for on this ground and it appears that the passion and preju-

dice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case, the trial court, on hearing the motion, and the supreme court, on appeal, shall have power to order a reduction of the verdict in lieu of a new trial, or to order that a new trial be had unless the party in whose favor the verdict was given remits the excess of damages;

6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

7. Errors in law occurring at the trial and excepted to by the party making the application; or

8. Loss or destruction, without fault on the part of the party aggrieved, of the official shorthand minutes taken at the trial containing the testimony offered and the instructions of the court when given orally to the jury, or either, before a transcript thereof has been made."

The motion of the plaintiffs for a new trial in this case was based upon the sixth and seventh grounds of NDRC 1943, 28–1902, and the particular rulings specified in the specifications attached to the notice of and motion for a new trial all fell within these subdivisions. In the specifications attached to the notice of appeal the plaintiffs specified as errors of law of which they complained, insufficiency of the evidence to support the verdict, and errors in law occurring at the trial, consisting of rulings on the admission and exclusion of evidence, and on instructions to the jury. So the questions and issues sought to be presented on the appeal from the judgment are the same as those which were presented for determination and determined on the motion for a new trial.

It is well settled that "where there is a motion for a new trial, rulings of the trial court which constitute proper grounds for a new trial under the statute must be presented upon such motion; otherwise they will be deemed waived." Syl 1, Larsen v. Friis, 48 ND 507, 185 NW 363; O'Dell v. Hiney, 49 ND 160, 190 NW 774; Zimbelman v. Lah, 61 ND 65, 237 NW 207. See, also, State ex rel. Storm v. Hought, 59 ND 301, 304, 229 NW 371. Where a motion for a new trial is made and denied before judgment is rendered and entered the order denying a new trial

is reviewable on an appeal from the judgment. Keyes v. Baskerville, 42 SD 381, 175 NW 874; Vivian Ind. Consol. School District v. Boyles, 56 SD 524, 229 NW 390. See, also, Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360; In Re Bratcher, 74 ND 12, 24 NW2d 54; In Re Bratcher's Estate, 76 ND 194, 34 NW2d 825. An order denying a motion for a new trial made after the entry of judgment is an appealable order, NDRC 1943, 28-2702(4), and where an order denying a motion for a new trial is made and entered after judgment is rendered and entered an appeal from the judgment alone does not bring up for review the order denying a new trial. Paulsen v. Modern Woodmen of America, 21 ND 235, 130 NW 231; Chaffee Bros. Co. v. Powers Elevator Co., supra; Morris v. Niles, 67 Wis 341, 30 NW 353; Aultman, Miller & Co. v. Becker, 10 SD 58, 71 NW 753; Bank of Iowa and Dakota v. Oliver et al, 11 SD 444, 78 NW 1002; Irwin et al v. Lattin et al, 29 SD 1, 135 NW 759, Ann Cas 1914C 1044; Outjes v. Thomas, 44 SD 542, 184 NW 795; Gade v. Collins, 8 SD 322, 66 NW 466.

The motion for a new trial involved here was not an ex parte or summary application. A motion for a new trial after the entry of judgment can be made only pursuant to notice to the adverse party as prescribed by law. Such motion can be made only on one or more of the grounds specified in the statute and the parties must be afforded an opportunity to be heard. In this case the required notice of motion was given. The parties appeared and a full hearing was afforded and had. The trial court had unquestioned jurisdiction of the parties and of the subject matter. The court had jurisdiction to hear and determine all questions submitted to it on the motion. It did hear the parties upon such questions and made its determination in the manner prescribed by law and that determination was subject to appeal. See, Weber et al v. Tschetter et al, 1 SD 205, 212, 46 NW 201, 203; Wilson County v. McIntosh et al, 30 Kan 234, 238, 1 Pac. 572, 575; Dwight v. St. John, 25 NY 203. The trial court had authority to grant the motion for a new trial or to deny it. In either case the order of the trial court was appealable. Unless an appeal were taken within the time allowed by law the order became final. If the trial court had granted

a new trial and defendants had taken no appeal from the order within the time allowed by law, the order granting a new trial would have been final and binding upon the parties. In this case the court made an order denying the motion for a new trial. There was no appeal from such order nor was there any renewal of the motion or application for leave to renew the same or for leave to make another motion, or that the order denying a new trial be vacated, modified or changed. The determination made by the trial court of the questions and issues submitted to it on the motion for a new trial was no longer subject to review when the appeal from the judgment was taken. The time allowed for an appeal from the order denying a new trial had expired more than three months before the appeal from the judgment was taken and such order became final and binding upon the parties. All questions and issues sought to be determined on the appeal from the judgment were involved and presented for determination on the motion for a new trial and such questions and issues were determined against the plaintiffs by the order denying a new trial. By the motion for a new trial plaintiffs invoked the jurisdiction of the court to pass upon the questions and issues presented by such motion. The object of the motion and the relief asked for was vacation of the verdict and the judgment rendered thereon and a new trial of the action. The object of the appeal from the judgment and the relief sought to be obtained is precisely the same, namely a vacation of the verdict and a reversal of the judgment rendered upon the verdict and a new trial of the action, all upon the same basic grounds as those which had been presented to and determined by the court on the motion for a new trial. The order denying the motion for a new trial was made and entered by a court vested with jurisdiction of the parties and of the subject matter, and constituted an adjudication of the questions and issues presented for determination on the motion for a new trial. Such adjudication is binding upon the parties to this action, and determinative of the questions and issues sought to be presented by the plaintiffs for determination on this appeal. Gade v. Collins, 8 SD at p 325, 66 NW at p 467; Foss v. Van Wagenen, 20 SD at p 41, 104 NW at p 606; Irwin et al v. Lattin et al, 29 SD at pp 4–5, 135

NW at p 761, Ann Cas 1914C 1044; Dick et al v. Williams et al, 87 Wis 651, 58 NW 1029; Enderlin State Bank v. Jennings, 4 ND 228, 230–233, 59 NW 1058, 1059; Weber v. Tschetter, 1 SD 205, 46 NW 201, 203; Dwight v. St. John, 25 NY 203; Wilson County v. McIntosh, 30 Kan 234, 1 Pac 572; 2 Freeman on Judgments, 5th ed, 1401, 1405. See, also, Schulenberg v. Long, 57 ND at p 264, 221 NW at p 69; Stimson v. Stimson, 30 ND 78, 152 NW 132; Lookabaugh v. Cooper, 5 Okla 102, 48 p 99.

The judgment appealed from is affirmed.

MORRIS, C. J., and SATHRE, BURKE and GRIMSON, JJ., concur.

CHRISTIANSON, J. Plaintiffs have petitioned for a rehearing. It is asserted in the petition that this Court overlooked the decision in Hedderich v. Hedderich, 18 ND 488, 123 NW 276, wherein it was said that an appeal from the judgment presents to the Supreme Court alleged errors of law occuring at the trial as preserved in the judgment roll although such errors were also urged as grounds for a new trial in the court below and the order denying such new trial was not appealed from. The decision cited was not overlooked but we did not deem that it had any application under the facts in the case and the law of this state as established by legislative enactment and repeated decisions of this Court subsequent to the decision in Hedderich v. Hedderich.

Law is a rule of property and of conduct prescribed by the sovereign power. NDRC 1943, 1–0102. The will of the sovereign power is expressed by the Constitution of the United States and the Constitution of the State; by treaties made under the authority of the United States; by statutes enacted by the Congress; by the statutes of the State; and by decisions of the tribunals enforcing those rules, which, though not enacted, form what is known as customary or common law. NDRC 1943, 1–0103.

In this case the motion for a new trial was fully submitted to the trial court by the parties and determined by the trial court as provided by law. The statute specifies the grounds for a new trial. NDRC 1943, 28–1902. The grounds so specified are ex-

clusive and a new trial may be granted only for causes so prescribed by the statute. Higgins v. Rued, 30 ND 551, 153 NW 389. The statute also prescribes the mode of review of an order either denying or granting a motion for a new trial, namely, by an appeal to the supreme court. There was no request for leave to make another motion for a new trial, nor was any such motion made. Plaintiffs simply ignored the determination that had been made by the district court on the motion which they submitted, which the opposite parties were required to litigate and did litigate, and which the trial court heard and determined. The statute did not provide that the order denying a new trial might be reviewed on an appeal from the judgment. On the contrary an unbroken line of decisions of this Court rendered both before and after the decision in the Hedderich case is to the effect that an order denying a motion for a new trial made after judgment is not reviewable on an appeal from the judgment but is reviewable alone on an appeal from the order.

In this case the motion for a new trial was made pursuant to notice and based on certain specified grounds which under the applicable statute constituted grounds for a new trial. The motion was submitted to the trial court by the parties and determined by that court as provided by law by written order duly made and entered denying the motion for a new trial. The statute specifically prescribed the remedy for review of an order denying a new trial. (1 Spelling New Trial and Appellate Practice, Sec 400, pp 730–731; Rogers v. Hoenig, 46 Wis 361, 1 NW 17; Coombs v. Hibbard, 43 Cal 452; People v. Center et al, 61 Cal 191, 9 Pac Coast Law J 765; Carpenter et al v. Superior Court, 75 Cal 596, 19 Pac 174), namely by appeal to the supreme court. NDRC 1943, 28-2702(4). The defendants did not appeal. The time for appeal from the order had expired, the order had become final and was no longer subject to review by the supreme court on appeal when the appeal from the judgment was taken.

Hedderich v. Hedderich, supra, was decided in September 1909 under the then existing law. In 1913 the legislature enacted a statute (Laws 1913, Chapter 131) providing for rules of practice in the district courts and in the supreme court whereby the former law was changed in many respects. Laws 1913, Chapter

131. The 1913 enactment related to motions for a new trial and to appeals from the district court to the supreme court. It provided:

"A party desiring to make a motion for new trial or to appeal from a judgment or other determination of a district court or county court with increased jurisdiction, shall serve with the notice of motion or notice of appeal a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict or that the evidence is of that character that the verdict should be set aside as a matter of discretion, he shall so specify. . . ." Laws 1913, Chapter 131, Sec 4; CL 1913, Sec 7656; NDRC 1943, 28–1809.

It will be noted that the requirement that there be served with the notice of motion and notice of appeal a concise statement of the errors of law and of the insufficiency of the evidence is precisely the same both as to a motion for a new trial and as to an appeal. No such provision was contained in the law in force prior to the enactment of Chapter 131, Laws 1913. Under the law in force prior to the time such law took effect an appeal was taken by serving a notice of appeal and filing the same in the office of the clerk of the court in which the judgment or order appealed from was entered. RCND 1905, Sec 7205.

A party intending to move for a new trial was required to serve a notice of his intention to so move and designate in such notice of intention the statutory grounds upon which the motion would be made. Revised Code N Dak 1905, Sec 7065. The service of such notice of intention was a prerequisite to the motion for a new trial, but did not dispense with notice of the motion for a new trial. In Anderson v. Bank, 5 ND 80, 88, 64 NW 114, this Court said: "The notice of intention and the notice of motion are two distinct and utterly different notices, and it is not good practice to embrace both elements in one paper." The rules of this Court provided that in cases not to be tried anew on appeal the statement of the case must contain a specification of the errors of law upon which the appellant intended to rely. Supreme Court Rule VII, 10 ND at p XLI. Such rules further provided that in cases not to be tried anew on appeal the appellant's brief should contain, (1) a concise and true statement of

the facts in the case which are material to the points of law to be argued with proper references to the pages and folios of the abstract which sustain them, (2) an assignment of errors pointing out the errors objected to and in the body of his brief the appellant shall present his reasons in support of each error assigned. Rule XIV, 10 ND XLVI–XLVII. The 1913 Practice Act eliminated the provision in the former law requiring that a party intending to move for a new trial must serve a notice of intention to so move and specify therein the particular errors of law of which he complained. The 1913 Practice Act provided that with all orders granting or refusing a new trial the judge should file a written memorandum stating the different grounds on which his ruling was based and unless the insufficiency or unsatisfactory nature of the evidence was expressly stated in such memorandum as the reason for granting the new trial, it should be presumed on appeal, that the new trial was not granted on that ground. Laws 1913, Chap 131, Sec 8; NDRC 1943, 28–1906. Under the law in force before the 1913 Practice Act became effective a party moving for a new trial was not required to serve with the notice of motion for a new trial a statement of the errors of law of which he complained; but the 1913 Practice Act specifically provided that a statement of the errors of law complained of must be served with the notice of motion for a new trial. Where a motion for a new trial is made after rendition of judgment it is not a mere incident or episode in the course of the trial, it is an independent proceeding after judgment inaugurated by the motion for a new trial and the statement required to be attached constitutes not only the grounds for the motion but constitutes a basis for the inquiry and review by the trial court on such motion and the basis for the scope of the review on appeal from the order made by the trial court on the denial of the motion for a new trial. The 1913 Practice Act clearly evidences an intention that proceedings on an appeal from a judgment and proceedings on appeal from an order denying a new trial made after the rendition of judgment are wholly separate and independent proceedings, although an appeal from the judgment and from an order denying a motion for a new trial or an alternative motion for a new trial or for judgment not-

withstanding the verdict may be included in one notice of appeal.

The decision in Hedderich v. Hedderich, supra, was rendered September 5, 1909. The 1913 Practice Act took effect July 1, 1913. In Jensen v. Clausen (decided August 10, 1916) 34 ND 637, 159 NW 30, this Court had occasion to consider the effect of the determination of the trial court denying a motion for a new trial. That was an action for damages for alleged wrongful acts of the defendant. The case was tried to a jury and the jury returned a verdict in favor of the plaintiff. The defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial. On such motion the defendant specified as grounds of the motion for a new trial alleged errors of law but no error was predicated on the court's instructions to the jury, and error in the instructions was not enumerated as one of the grounds of the motion for a new trial. The motion was denied and the defendant appealed to this court from the judgment and from the order denying his motion for judgment notwithstanding the verdict or for a new trial. The appeals from the judgment and from the order denying the motion were included in one notice of appeal. On appeal the defendant asserted that the trial court had erred in its instructions to the jury and attempted to assign such alleged errors in the giving of instructions as error on the appeal. In the opinion in the case this Court said:

"Under the laws of this state misdirection is an error in law, and constitutes one of the statutory grounds for a new trial. Comp Laws 1913, Sec 7660.

"The statute requires that a party who makes a motion for a new trial shall serve with his notice of motion a concise statement of the errors of law of which he complains. Comp Laws 1913, Sec 7656.. In the case at bar defendant made a motion for new trial upon several grounds, but no error was specified in the court's instructions to the jury. . . .

"It is true that in absence of a motion for new trial, errors in instructions are reviewable on an appeal from the judgment. But when a party moves for a new trial, he is required to embrace in such motion all errors complained of, which under the

statute constitute proper grounds for a new trial; otherwise they will be deemed waived." 34 ND at p 643.

The decision in Jensen v. Clausen, supra, was unanimous. All the members of the Court including Chief Justice Fisk, who was the author of the opinion in Hedderich v. Hedderich, supra, joined in the decision. The decision in Jensen v. Clausen, supra, has never been overruled or disapproved but the rule announced therein has been approved and followed by this Court in many cases.

Such rule was considered and applied by this Court in Enget v. Neff, 77 ND 356, 43 NW2d 644. That was an action to recover damages for personal injuries. The case was tried to a jury and a verdict returned in favor of the defendant. Judgment was entered pursuant to the verdict and after rendition of judgment the plaintiff moved for a new trial. The motion was denied. Thereafter plaintiff appealed from the judgment and from the order denying a new trial. On appeal plaintiff specified errors which constituted proper grounds for a new trial under the statute but which had not been so specified in the motion for a new trial. This Court held that consequently such grounds had been waived and could not be presented by the appellant on appeal from the judgment. The rule announced in the case is set forth in paragraph 1 of the syllabus thus:

"Where a motion for a new trial is made in the court below and an appeal is taken from the order denying the motion and from the judgment, alleged erroneous rulings of the trial court which constitute proper grounds for a new trial under Sec 28-1902, RCND 1943, must be presented on the motion; otherwise they will be deemed waived, whether included in the specifications of error upon appeal from the judgment or not." 43 NW 2d at 644-645.

The question was again considered by this Court in Morton v. Dakota Transfer & Storage Co., 78 ND 551, 50 NW2d 505. That also was an action to recover damages for personal injuries. The case was tried to a jury and a verdict was returned in favor of the defendant. Judgment was entered pursuant to the verdict and after rendition of judgment the plaintiff moved for a new trial. The motion was denied. Thereafter plaintiff

appealed both from the judgment and from the order denying the motion for a new trial. In the opinion in the case this Court said:

"Plaintiff's remaining specifications of error relate to the judge's instructions to the jury and his refusal to give certain requested instructions. Some of the instructions specified as error upon appeal were not specified as error upon the motion for a new trial and no error was specified upon the motion for new trial because of a refusal to give requested instructions. It is well settled that where a motion for a new trial is made, errors of law, including errors in instructions, not specified in the motion for a new trial are waived. Redahl v. Stevens, 64 ND 154, 250 NW 534; Braun v. Martin, 70 ND 216, 293 NW 317; Enget v. Neff, 77 ND 356, 43 NW2d 644. We shall therefore consider *only those specifications asserted both on the motion for a new trial and upon this appeal.*" (Italics supplied) 50 NW2d at p 508.

In the petition for rehearing plaintiffs cite the decision of this Court in Blackstead v. Kent, 63 ND 246, 247 NW 607, as supporting their contention that alleged errors of law based upon instructions to the jury are reviewable on appeal from the judgment notwithstanding that a motion for a new trial was made and denied, and no appeal was taken from the order denying a new trial. That was an action to recover damages for personal injuries. The case was tried to a jury and resulted in a verdict in favor of the defendant for a dismissal of the action. After judgment had been entered plaintiff moved for judgment notwithstanding the verdict or for a new trial which motion was denied. Thereupon the plaintiff appealed from the judgment of dismissal and from the order denying the motion for a new trial. The appeal from the order denying the new trial was not made within the time prescribed by law and this Court held that error assigned upon the insufficiency of the evidence could not be considered an an appeal from the judgment, that such alleged errors were passed upon by the trial court and were conclusive in the absence of an appeal from the order denying a new trial. Thereafter reference is made to certain alleged errors assigned on the instructions. The question whether such assignments

might or might not be reviewed was not considered or discussed. But the court said that the instructions were not erroneous and that the judgment should be affirmed. The practical result was the same as if the court had ruled that the assignments of error based upon the instructions were not reviewable. In either case there would have been no cause for reversal. Nothing was said in the opinion to indicate any intention to modify or overrule anything that had been said in Jensen v. Clausen, supra, or the decisions which had applied the rule announced in that case. Even if it be conceded that the decision in Blackstead v. Kent, supra, is contrary to the rule announced in Jensen v. Clausen, supra, and the cases which followed and applied the principle announced in the decision in that case, it does not operate to abrogate the rule announced in Jensen v. Clausen and the cases which approved and applied the rule announced in that case. The result is merely one of conflict in the decisions.

Corpus Juris Secundum says:

*"In case of a conflict in the decisions of a court, the latest decision is generally regarded as controlling, as against prior decisions and should be followed in determining the same question.*

"According to some decisions, where conflicting decisions have already been made by inadvertence or otherwise, and the position of the court is therefore uncertain, the rule of stare decisis does not apply, and in such event, it has been held that it is the duty of the court to follow the decision which it conceives is based on the sounder reasoning. By the weight of authority, however, it is generally considered that in case of a conflict the last expression of the court is controlling as against prior opinions." 21 CJS, Courts, pp 320–321.

Under either of the rules so stated the views expressed in the former opinion in this case must prevail. The rule announced in the original decision in this case is in accord with the latest decisions of this Court. Enget v. Neff, supra; Morton v. Dakota Transfer & Storage Co., supra. And we are all agreed that such rule is based on sounder reasoning than the rule contended for by appellants.

In Spelling on New Trial and Appellate Practice it is said:

"Generally, where the proceeding for a new trial is inaugurated by petition, or notice of intention, in many respects the commencement of an action, the rule of res adjudicata is applied with reference to the original order." 1 Spelling p 730.

In Herman on Estoppel and Res Judicata it is said:

"When a matter in controversy between parties has been submitted to a competent judicial tribunal, its decision thereon is final between the parties until it has been reversed, set aside, or vacated; and the rule of res adjudicata applies not only to the judgments of courts, but to all judicial determinations, whether made by courts in ordinary actions or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination." 1 Herman on Estoppel and Res Judicata p 42.

"All motions affecting the substantial rights of parties are appealable, and, therefore, final, unless reversed or modified by an appellate tribunal, and are placed upon the same basis as any final judgment. Whenever a motion admits of 'grave discussion and deliberation, and are made part of the record in a cause and subject to review in another court,' the decision by a court upon such motion is generally regarded as a final judgment or adjudication, and the rule of *res judicatae* applies." 1 Herman on Estoppel and Res Judicata, p 569.

In American and English Encyclopaedia of Law, (24 Am & Eng Encycl of Law, 2d ed, p 820) it is said:

"As, a general rule, it makes no difference under what form, whether by petition, exception, rule, or intervention, a question is presented; whenever the same question recurs, even under a different form of procedure, the doctrine of *res judicata* applies. Although the proceeding is special or summary and not an ordinary action or suit, if it is a recognized judicial remedy, admitting of the deliberate consideration and investigation of the claim or demand, and if the order or judgment rendered therein affects substantial rights, is in its nature final and may be reviewed on appeal, the decision rendered is final and conclusive between parties and privies." 24 Am & Eng Encycl of Law, 2d ed, p 820.

In Bank v. Jennings, 4 ND 228, 59 NW 1058, this Court said:

"The general rule may be stated in the following terms: Where there is an opportunity for a full and fair hearing on a motion, and a right of review in an appellate tribunal, the decision of that motion is res judicata whenever, on the same facts, the defeated party, by motion or otherwise, seeks to secure the object for which he made the motion, subject to the possible exception that, where the same judge entertains a new motion on the same facts, it will be presumed that his object was to rehear the case to correct any error he may have made." 4 ND at p 232.

"The form which the decision assumes is unimportant. The material inquiries are: Has there been a full and fair investigation? Has the defeated suitor a right to review the decision in a higher court? When these questions can be answered in the affirmative, some of the cases hold that the decision of the motion not only bars another similar motion (unless, of course, a rehearing is properly granted) but also settles the general manner (matter) in controversy on the motion, whenever it again arises in any form between the same parties or their privies." 4 ND at p 233.

The legislature has provided by law that a motion for a new trial may be made on certain specified grounds. A motion for a new trial after the entry of judgment can be made only pursuant to written notice to the adverse party as prescribed by law. Such motion can be made only on one or more of the grounds specified in the statute and there must be attached to the notice of motion a statement specifying the errors of law of which the moving party complains. In this case the required notice of motion was given, the parties appeared and a full hearing was afforded and had. The trial court rendered its decision in the manner prescribed by law and such decision was duly entered, and the decision of the trial court became final so far as that court was concerned. Dubs v. N. P. Ry. Co. 47 ND 210, 181 NW 606; Carpenter v. Superior Court, 75 Calif 596, 19 Pac 174; Luke v. Coleman, 38 Utah 383, 113 Pac 1023, Ann Cas 1913B 483; 1 Spelling on New Trial and Appellate Practice, Sec 400, pp 730–731. The only mode provided by law for the review of an order of the district court granting or denying a motion for

a new trial is by appeal to the supreme court. NDRC 1943, 28–2702(4). This mode of review was available to the plaintiffs in this case. They do not avail themselves of such review, and there is no claim that they were prevented from doing so. The order denying a new trial became final and was no longer subject to review either in the trial court or in the supreme court by appeal. The order of the district court denying the motion for a new trial was made and entered in a judicial proceeding where the court had jurisdiction of the parties and of the subject matter. The order was subject to review by an appeal to the supreme court. No such appeal was taken. The plaintiffs waived their right to have the order reviewed in the manner provided by law or at all. For the reasons heretofore set forth the decision of the district court evidenced by the order denying the motion for a new trial is determinative of the questions and issues sought to be presented by the plaintiff for determination on this appeal.

We adhere to the views expressed in the former opinion. A rehearing is denied.

MORRIS, C. J., and BURKE, SATHRE and GRIMSON, JJ., concur.